IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-06020-CIV-FERGUSON/SNOW

STACY WHEELER,

    Plaintiff,

v.

DR. MOHSIN JAFFER,

    Defendant.

_____/

**NIGHT BOX FILED**
APR 17 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## PLAINTIFF'S MOTION FOR SANCTIONS
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, STACY WHEELER, pursuant to the Federal Rules of Civil Procedure hereby files her Motion for Sanctions and in support thereof states as follows:

1. On January 3, 2000, Plaintiff filed her Complaint against Defendant for recovery of overtime compensation.

2. Jurisdiction in this Court was pursuant to the Fair Labor Standards Act.

3. On March 29, 2000, upon agreement of the parties, an order consenting to the exercise of jurisdiction by a United States Magistrate Judge was entered.

4. On December 21, 2000, Defendant made an offer of Final Judgment which Plaintiff accepted, attached hereto as Exhibit "A."

5. On January 10, 2001, Defendant changed the terms of the offer of Final Judgment. Defendant now sought to make payment in installments, attached hereto as Exhibit "B."

6. On January 15, 2001, Plaintiff responded to Defendant's letter, indicating that the offer of judgment on behalf of the Defendant did not mention nor contemplate any installment plan, see attached letter as Exhibit "C."



7.  On February 1, 2001, this Court, pursuant to Federal Rule of Civil Procedure 68 authorized the Clerk of the Court to enter Final Judgment.

8.  Plaintiff's judgment against Defendant in the amount of $5,500.00, exclusive of attorney's fees, costs and interest, remained unpaid for several months after Defendant made his Offer of Judgment.

9.  Defendant's delinquency and failure to live up to his own offer necessitated the filing of an Application for Writ of Garnishment on March 14, 2001. Thereafter, on or about March 30, 2001, this Court entered an Order directing the Clerk of the Court to enter a Writ of Garnishment against Defendant. On April 2, 2001, said Writ was entered by the Clerk of the Court.

10. On the afternoon of March 31, 2001, undersigned counsel's office received payment from Defendant in the amount of $5,500.00, however, the check was not signed by the Defendant. Several days later the Defendant corrected his "oversight."

11. Although Plaintiff did not execute the Writ of Garnishment against Defendant, Plaintiff has had to devote substantial time and has incurred additional attorney's fees and costs due to Defendant's wilful refusal to comply with his Offer of Judgment. Plaintiff accepted Defendant's Offer of Judgment in good faith. It is patently unfair and an indignity to the legal system when litigants do not live up to their word when tendering Offers of Judgment.

12. Wherefore, Plaintiff seeks sanctions against the Defendant for $2,675.00, which includes attorney's fees in the amount of $2,025.00 which Plaintiff has had to expend due to Defendant's refusal to comply with the Offer of Judgment he propounded to Plaintiff, costs in the amount of $100.00 paid to the Court Registry in anticipation of executing the Writ of Garnishment, and interest on the judgment in the amount of $550.00 which has accrued since February 1, 2001.

## MEMORANDUM OF LAW

Defendant made an Offer of Final Judgment to Plaintiff. Plaintiff accepted this offer in good faith and expected Defendant to live up to his offer. Days later, Defendant changed the terms of the offer, seeking to make payments in installments. Plaintiff refused and had executed the parties *agreed to* Offer of Judgment. Despite this Court's Order, Defendant refused to comply and *unilaterally* decided the time frame in which he would tender payment. Defendant's willful refusal to comply with the terms which *he proposed* necessitated Plaintiff having to expend additional attorney's fees and costs.

The United States Supreme Court has stated "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful purpose." Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991), quoting, Anderson v. Dunn, 19 U.S. 204 (1821). Included within this power is the power to sanction. "An assessment of attorney's fees is undoubtedly within a court's inherent power." Chambers, 501 U.S. at 45. There are several reasons why a court may assess attorney's fees as a sanction. One reason is for the "willful disobedience of a court order." Id. at 45, citing, Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975). Another reason for a court to assess attorney's fees is when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45- 46, citing Alyeska, supra, at 258-259.

Here, Defendant has willfully defied this Court's Acceptance of Offer of Final Judgment which Defendant proposed. Defendant acted in bad faith in tendering an Offer of Final Judgment which he did not intend to comply with. Defendant's actions in this case have been willful, deliberate, and disrespectful to both Plaintiff and this Court.

WHEREFORE, Plaintiff STACY WHEELER, respectfully requests that this Court enter an

3

order imposing sanctions against the Defendant in the amount of $2,675.00, which includes attorney's fees in the amount of $2,025.00 which Plaintiff has had to expend due to Defendant's refusal to comply with the Offer of Judgment he propounded to Plaintiff, costs in the amount of $100.00 paid to the Court Registry in anticipation of executing the Writ of Garnishment, and interest on the judgment in the amount of $550.00 which has accrued since February 1, 2001.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail to Osnat K. Rind at 6950 N. Kendall Drive, Miami, Florida 33156 on this 13 day of April, 2001.

ALTSCHUL, LANDY & COLLIER, P.A.
Weston Corporate Centre
2700 S. Commerce Parkway, #305
Weston, FL 33331
Tel.: (95 4) 384-9934
Fax.: (954) 384-9935

BY: _____
Nancy Landy, Esq.
Florida Bar No. 81797
Richard A. Asselta, Esq.
Florida Bar No. 0179061

4

**EXHIBIT "A"**

# PHILLIPS, RICHARD,
# RIND & NAVARRETE, P.A.
*ATTORNEYS AT LAW*

KATHLEEN M. PHILLIPS
MARK RICHARD
OSNAT K. RIND
LIBBY HERRERA-NAVARRETE
CARLOS E. MUSTELIER JR.
ADAM B. SABEN

OF COUNSEL:
MIERZWA & ASSOCIATES, P.A.

6950 N. KENDALL DRIVE
MIAMI, FLORIDA 33156
(305) 662-5700
Fax: (305) 662-4444
Email: laborlaw@phillipsrichard.com

December 21, 2000

Nanci Landy, Esq.
Altschul, & Landy, P.A.
Weston Corporate Centre
2700 S. Commerce Pkwy, Suite 305
Weston, FL 33331

    Re:    <u>Wheeler v. Jaffer</u>, Case No. 00-06020-Civ-Ferguson
            Offer of Judgment

Dear Ms. Landy:

    Please consider this letter Defendant's offer of judgment made pursuant to Fed. R. Civ. P. 68. The Defendant offers to allow judgment to be taken against him in the amount of $2,600.00 for overtime and liquidated damages allegedly owed to the Plaintiff, and an additional amount in reasonable attorney's fees and costs incurred to date, not to exceed $2,900.00. The total amount of this offer is $5,500.00.

                                          Very truly yours,

                                          Osnat K. Rind

OKR/mds
cc: Dr. Jaffer

**EXHIBIT "B"**

# PHILLIPS, RICHARD,
# RIND & NAVARRETE, P.A.
*ATTORNEYS AT LAW*

KATHLEEN M. PHILLIPS
MARK RICHARD
OSNAT K. RIND
LIBBY HERRERA-NAVARRETE

**OF COUNSEL:**
MIERZWA & ASSOCIATES, P.A.

6950 N. KENDALL DRIVE
MIAMI, FLORIDA 33156
(305) 662-5700
Fax: (305) 662-4444
Email: laborlaw@phillipsrichard.com

January 10, 2001

Nanci Landy, Esq.
Altschul, & Landy, P.A.
Weston Corporate Centre
2700 S. Commerce Pkwy, Suite 305
Weston, FL 33331

    Re:    <u>Wheeler v. Jaffer</u>, Case No. 00-06020-Civ-Ferguson

Dear Ms. Landy:

    Enclosed you will find a settlement agreement and release that I have drafted for this case. Please let me know if it is acceptable to you. You will see that I have made the payments due in installments. I can tell you that this is the fastest and soonest that my client will be able to satisfy the agreed to payment of $5,500.00. If the document is acceptable, please have your client sign it and return the original to me. The first installment payment will be sent within ten days thereafter. I will have my client execute the document and I will send you a copy of the fully executed agreement.

    Please call me if you have any questions.

                                        Very truly yours,

                                        Osnat K. Rind

OKR/mds
cc: Dr. Jaffer

**EXHIBIT "C"**

# ALTSCHUL & LANDY, P.A.

ATTORNEYS AT LAW

PLEASE REPLY TO MAIN OFFICE:
WESTON CORPORATE CENTRE
2700 S. COMMERCE PKWY., SUITE 305
WESTON, FLORIDA 33331
(954) 384-9934 • FAX (954) 384-9935

MIAMI OFFICE:
NATIONSBANK TOWER, SUITE 3920
100 S.E. SECOND STREET
MIAMI, FLORIDA 33131

VIA FACSIMILE
(305) 662-4444

January 15, 2001

Osnat K. Rind, Esq.
Phillips, Richard, Rind & Navarrete, P.A.
6950 N. Kendall Drive
Miami, FL 33156

    Re:    Wheeler v. Jaffer

Dear Osnat:

The offer of judgment that was served by you on behalf of your client did not mention nor contemplate an installment payment plan. We expect, as we are entitled to expect, that payment will be made immediately. Under Federal Rule of Civil Procedure 68, I will be filing the offer and acceptance and requesting that the Clerk perform the ministerial task of entering and recording the Final Judgment. I will then immediately begin execution proceedings if we have not received the entire amount from your client. Please note that if I am required to engage in any execution proceedings, I will seek fees from your client.

Sincerely,

ALTSCHUL & LANDY, P.A.

Nanci Landy