IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-06020-CIV FERGUSON/SNOW

STACY WHEELER,

        Plaintiff,

v.

DR. MOHSIN JAFFER,

        Defendant.
_____/

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant, DR. MOSHIN JAFFER, through his counsel PHILLIPS, RICHARD, RIND & NAVARRETE, P.A., and pursuant to S.D. Fla. L.R. 7.1.C, files this memorandum of law in opposition to Plaintiff's Motion for Sanctions.

Plaintiff's unverified Motion for Sanctions is not just unmeritorious, it is frivolous.

The Clerk of the Court entered final Judgment against the Defendant in the amount of $5,500.00 on February 1, 2001. The judgment was entered pursuant to an offer of judgment made by the Defendant on December 21, 2001, and accepted by the Plaintiff on January 8, 2001. The judgment was satisfied and paid in full less than two months later, on March 28, 2001. Plaintiff's counsel now seeks an additional $2,675.00 in attorney's fees and costs claiming that the Defendant's payment and satisfaction of the judgment on March 28, 2001 evidences his "willful disobedience of a court order." Plaintiff's Motion for Sanctions at 3. The Plaintiff's Motion is ridiculous.

The Plaintiff claims that she is entitled to an award of attorney's fees for time spent by her counsel in initiating garnishment proceedings. Plaintiff's Motion ¶ 9. Rule 7.3 of the Local Rules of the Southern District of Florida, entitled "Attorneys Fees and Costs," requires the movant to specify the "statute, rule, or other ground" entitling her to an award of attorney's fees. S.D. Fla. L.R. 7.3. Not surprisingly, the Plaintiff points to no statute, ground or rule entitling her to attorney's fees other than the Court's general inherent power to award fees for vexatious or wanton conduct. What the Plaintiff fails to tell this court is that under Florida law[1] there is absolutely no entitlement to attorney's fees under Florida's garnishment statute. Paz, et al. v. Hernandez, 654 So. 2d 1243 (Fla. 3d DCA 1995); Fla. Stat. ch. 77 (2000).

Neither has the Plaintiff set forth any facts that justify the imposition of sanctions under the Court's inherent powers. The Plaintiff has set forth absolutely no facts to support the contention that the Defendant has acted "in bad faith, vexatiously, wantonly or for oppressive reasons." See Plaintiff's Motion at 3. Judgment was entered against the Defendant on February 1, 2001. The Defendant satisfied the judgment less than two months later, on March 28, 2001. That is the sum total of the actions cited by the Plaintiff in support of a motion for *sanctions*. Surely something more than satisfying a judgment is required for the imposition of sanctions.

The fact of the matter is that neither the Defendant nor his counsel heard from the Plaintiff or her counsel after the entry of judgment. No discussions were had nor were any demands made. Neither the Defendant nor undersigned counsel had any idea that the Plaintiff had initiated garnishment proceedings.

What is even more disturbing about Plaintiff's Motion for Sanctions is the fact that Plaintiff's counsel expended time and effort pursuing garnishment after Defendant had already

---

[1] Procedures on execution are governed by the practice and procedure of the state court in which

2

informed her that the judgment would be satisfied by the end of March 2001. On January 10, 2001, after the offer of judgment was accepted but before entry of judgment, Defendant informed Plaintiff's counsel that he would be able to satisfy the judgment by making three installment payments, the first payment to be made in January, the second in February and the third in March 2001. Plaintiff's counsel was informed that this was the fastest way that the Defendant could satisfy the judgment. See exhibit 1, attached. The Plaintiff refused to accept payments in installments, and moved for entry of final judgment. As stated above, Plaintiff's counsel was never heard from again. As promised, the judgment was satisfied by the end of March 2001 in a lump sum payment. Given the Defendant's statement, *prior* to entry of judgment, that he would pay the $5,500.00 by the end of March, there was absolutely no reason for Plaintiff's counsel to initiate garnishment proceedings -- a procedure that obviously could not satisfy the judgment any sooner than what had already been offered by the Defendant. Under these circumstances, even assuming that an entitlement to attorney's fees existed, it would be unfair to award such fees to Plaintiff's counsel for her unnecessary efforts.

The fact of the matter is that Plaintiff's counsel has inappropriately attempted to use this litigation for her own personal profit since its inception. Attached as exhibit 2 is a letter sent to Plaintiff's counsel dated December 21, 2000, which accompanied the offer of judgment that was ultimately accepted in this case. The facts set forth in that letter are specifically incorporated herein. Plaintiff's counsel should not be rewarded for this type of behavior.

Finally, Plaintiff's counsel has failed to comply with the requirements of S.D. Fla. L.R. 7.3. A motion for attorney's fees and/or to tax costs must, in addition to specifying the statute, rule, or other grounds entitling the moving party to the award, disclose the terms of any

---

the district court is held. Fed. R. Civ. P. 69.

agreement with respect to fees to be paid for the services for which the claim is made; be supported with particularity; and be verified.[2] S.D. Fla. L.R. 7.3. In addition, such motion must be accompanied by certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified. Id. The rule also requires that counsel filing the motion confer with the opposing party and file with the Court, within three (3) days of he motion, a statement certifying that counsel has conferred in a good faith effort to resolve the motion by agreement. Id. Plaintiff's counsel has satisfied none of these requirements.

It is well settled law that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties. See Paz v. Hernandez, 654 So. 2d 1243. There is no statutory entitlement to an award of attorney's fees in this matter. To the contrary, Florida courts have specifically held that a judgment creditor is not entitled to attorney's fees for time expended in a garnishment proceeding. Id. Further, the Plaintiff sets forth no facts that support the contention that the Defendant acted wantonly or in willful disobedience of a court's order. The clerk of the court entered judgment on February 1, 2001. The judgment was satisfied in full on March 28, 2001.[3] Further, contrary to the Plaintiff's assertion that Defendant tendered an offer

---

[2] Plaintiff's counsel provides no support for the contention that $2,025.00 has been incurred since entry of final judgment. Plaintiff's counsel fails to set forth her billing rate or any other specific facts to justify an award in that amount. With respect to the $100.00 payment made to the court registry, that amount is required pursuant to Fla. Stat. § 77.28 in order to help offset the garnishee's costs and fees which will be incurred as a result of the writ. Since the writ was never issued, the Plaintiff can presumably recover that payment. Finally, the Plaintiff's statement is that $550.00 in interest has accrued on the $5,500.00 judgment since February 1, 2001 is wrong. $550.00 would be the amount accrued after one year, not the amount accrued in less than two months.

[3] Defendant actually mailed payment to his counsel on March 7, 2001, but made the check payable to his own counsel's trust account. Undersigned counsel waited approximately twenty days to forward a check to Plaintiff's counsel in order to ensure enough time for the check to clear.

4

of final judgment that he "did not intend to comply with," Plaintiff's counsel knew that the Defendant intended to satisfy the judgment no later than the end of March 2001. Plaintiff's Motion at 4. Accordingly, any time expended by her to collect on the judgment was unwarranted.

Because the Plaintiff has set forth no basis for an award of attorney's fees, and because the Plaintiff has failed to comply with the Local Rules in the filing of her Motion, Defendant respectfully requests that the Motion be denied.

Respectfully Submitted,

PHILLIPS, RICHARD, RIND &
NAVARRETE, P.A.
6950 North Kendall Drive
Miami, Florida 33156
Telephone: (305) 662-5700
Facsimile: (305) 662-4444
E-mail: orind@phillipsrichard.com

By: _____
Osnat K. Rind
Florida Bar No: 0958638

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was sent by U.S Mail to Nanci S. Landy, Esq., Altchul, Landy & Collier, P.A., 2700 South Commerce Parkway, Suite 305, Weston, Florida 33331, this 30TH day of April 2001.

By: _____
Osnat K. Rind

# PHILLIPS, RICHARD,
# RIND & NAVARRETE, P.A.
*ATTORNEYS AT LAW*

KATHLEEN M. PHILLIPS
MARK RICHARD
OSNAT K. RIND
LIBBY HERRERA-NAVARRETE

**OF COUNSEL:**
MIERZWA & ASSOCIATES, P.A.

6950 N. KENDALL DRIVE
MIAMI, FLORIDA 33156
(305) 662-5700
Fax (305) 662-4444
Email: faberlaw@phillipsrichard.com

January 10, 2001

Nanci Landy, Esq.
Altschul, & Landy, P.A.
Weston Corporate Centre
2700 S. Commerce Pkwy, Suite 305
Weston, FL 33331

    Re:   <u>Wheeler v. Jaffer</u>, Case No. 00-06020-Civ-Ferguson

Dear Ms. Landy:

    Enclosed you will find a settlement agreement and release that I have drafted for this case. Please let me know if it is acceptable to you. You will see that I have made the payments due in installments. I can tell you that this is the fastest and soonest that my client will be able to satisfy the agreed to payment of $5,500.00. If the document is acceptable, please have your client sign it and return the original to me. The first installment payment will be sent within ten days thereafter. I will have my client execute the document and I will send you a copy of the fully executed agreement.

    Please call me if you have any questions.

                              Very truly yours,

                              Osnat K. Rind

OKR/mds
cc: Dr. Jaffer



EXHIBIT 1

# PHILLIPS, RICHARD,
# RIND & NAVARRETE, P.A.
*ATTORNEYS AT LAW*

KATHLEEN M. PHILLIPS
MARK RICHARD
OSNAT K. RIND
LIBBY HERRERA-NAVARRETE
CARLOS E. MUSTELIER JR.
ADAM B. SABEN

OF COUNSEL:
MIERZWA & ASSOCIATES, P.A.

6950 N. KENDALL DRIVE
MIAMI, FLORIDA 33156
(305) 662-5700
Fax: (305) 662-4444
Email: laborlaw@phillipsrichard.com

December 21, 2000

Nanci Landy, Esq.
Altschul & Landy, P.A.
Weston Corporate Centre
2700 S. Commerce Pkwy, Suite 305
Weston, FL 33331

  Re: Wheeler v. Jaffer, Case No. 00-06020-Civ-Ferguson

Dear Ms. Landy:

  I am in receipt of your letter dated December 21, 2000. I am disappointed in your response to my client's offer. It is obvious that you have no intention of settling this matter on any reasonable basis.

  Nevertheless, enclosed you will find my client's offer of judgment made pursuant to Fed. R. Civ. P. 68. The offer includes 100% of the damages you claim are owed to your client, inclusive of liquidated damages (or $2,600.00), and an additional $2,900.00 for pre-offer attorney's fees and costs. The total amount of the offer is $5,500.00

  In considering the offer of judgment, I suggest that you bear in mind the following. Again, my client has offered to pay 100% of the damages that you claim are owed. There is considerable dispute between the parties as to the accuracy of your calculations, and there is a substantial likelihood that your client will not recover all of the back wages that you claim are owed, but rather a substantially reduced amount. Because my client has offered to pay 100% of the damages that you have claimed, it is obvious that any rejection of the offer is made for the sole purpose of using this litigation not for the benefit of your client, but to bolster your own claim for attorney's fees. Case law requires the judge to consider the fact that an offer of judgment has been made when determining the amount of any attorney's fee award. I am confident that Judge Ferguson will not look favorably on your rejection of this more than reasonable offer, especially given the fact that it includes 100% of your client's damages. I am equally confident that Judge Ferguson will not allow the recovery of attorney's fees in an amount close to that which you are now demanding under these circumstances, and given the minimal amount of damages involved.



EXHIBIT 2

Regarding the amount of fees allegedly expended, I find it very hard to believe that so much has been incurred in this case to date. Not one deposition has been taken, no motions have been filed, no memoranda of law have been drafted and only minimal discovery has been performed. My client's original offer of attorney's fees and costs was more than reasonable given the current stage of the litigation.

Also relevant is your original demand. As I am sure you recall, your original demand to my client was for $8,250.00, which you claimed represented back pay and liquidated damages owed, *not* inclusive of attorney's fees and costs. Presumably, you based your initial demand on what your client told you. You know now that you were misled. After a review of the records, you reduced your demand for damages to less than one-third the original amount. Rather than waiting to review the records before incurring (what you claim are significant amounts in) attorney's fees and otherwise researching your client's claim, you filed this lawsuit. You were made aware in November 1999 that the records did not reveal any significant amount of damages owed to your client. Instead of inquiring about the records, or even calling me to discuss the matter, you failed to respond to my letter all together. Instead, two months later, you filed this lawsuit. Again, I think your course of conduct in this case evidences your desire to use this litigation for personal profit, rather than resolve it to the benefit of your client. I think that the court will consider all of these facts if this case does continue and you ultimately prevail. I believe that there is little chance that given the history of the case, and my client's good faith offer to settle the matter, the judge will award you anything close to what you have demanded in attorney's fees.

Under Fed. R. Civ. P. 68 you have ten days to accept the offer now before you. I suggest you do so.

If you wish to discuss this offer, or if you have any questions, please call me.

Very truly yours,

Osnat K. Rind

OKR/mds
cc: Dr. Jaffer