IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-06020-CIV-FERGUSON/SNOW



STACY WHEELER,

    Plaintiff,

v.

DR. MOHSIN JAFFER,

    Defendant.
_____/

## REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, STACY WHEELER ("WHEELER"), by and through undersigned counsel, hereby files her Reply to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions, and states as follows:

Defendant filed his Response to WHEELER's motion April 30, 2001, however, was not received by WHEELER until May 7, 2001. Defendant's Response attempts to confuse the issue before this Court by mistakenly characterizing WHEELER's motion for sanctions as a motion for attorney's fees and costs. WHEELER's motion is for the imposition of sanctions and is not subject to the requirements of a motion for attorney's fees and costs. Defendant states that judgment was satisfied in this case. Months later, that assertion is true. However, Defendant fails to acknowledge that it made an offer it was unable to comply with at the time it was made. Litigants should not be permitted to make offers of judgment which they can not or will not comply with. As discussed in WHEELER's Motion for Sanctions, Defendant's offer did not contemplate that it would be made in installment payments. As this was not the offer Defendant made, WHEELER objected to both

the installment payments and Defendant's requirement that WHEELER sign a settlement agreement and release. No such installment payments were ever received by WHEELER. On March 31, 2001, Defendant, unilaterally creating his own time frame to comply with the Final Judgment, tendered payment by check to WHEELER in the amount of $5,500.00 but "accidently" did not sign the check.

Defendant also states in his Response that neither he nor his attorney were aware that WHEELER had initiated garnishment proceedings against Defendant and that attorney's fees are not recoverable under the garnishment statutes. This statement is preposterous. Garnishment proceedings are initiated on an ex parte basis. If a party were required to notify the opposing side about their intentions to pursue a garnishment proceeding there would be no point in the procedure as potential victims of a garnishment would attempt to shield their assets. Also, just as Defendant has confused a motion for sanctions with a motion for attorney's fees, Defendant has also confused WHEELER's motion for sanctions with a motion for attorney's fees pursuant to the garnishment proceedings. As previously stated, WHEELER's motion was for the imposition of sanctions, not attorney's fees and costs.

Because this Court has the inherent power to impose sanctions, and because Defendant failed to comply with the offer of judgment which he proposed, WHEELER respectfully requests that this Court grant her Motion for Sanctions and award her the amount of $2,675.00.

2

WHEREFORE, Plaintiff STACY WHEELER, respectfully requests the relief sought herein.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail to Osnat K. Rind at 6950 N. Kendall Drive, Miami, Florida 33156 on this /0 day of May, 2001.

ALTSCHUL & LANDY, P.A.
Weston Corporate Center
2700 S. Commerce Parkway, #305
Weston, FL 33331
Tel.: (95 4) 384-9934
Fax.: (954) 384-9935

BY:
Nanci Landy, Esq.
Florida Bar No. 817971
Richard A. Asselta, Esq.
Florida Bar No. 0179061

3