UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6020-Civ-Ferguson/Snow

STACY WHEELER,

        Plaintiff,

vs.

DR. MOHSIN JAFFER,

        Defendant.
_____/

FILED by _____ D.C.
MAY 23 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**ORDER**

THIS CAUSE is before the Court on the Plaintiff's Motion for Sanctions (Docket Entry 25). The plaintiff seeks sanctions for expenses incurred as a result of the defendant's tardy payment of the settlement amount.

The complaint sought enhanced payment for overtime hours, as required by 29 U.S.C. § 207. The docket sheet reveals that the defendant made an offer of judgment on December 21, 2000. On January 23, 2001, the plaintiff filed a notice of acceptance of the offer of judgment. The Court authorized the Clerk of the Court to enter the judgment on February 1, 2001.

The plaintiff's motion for sanctions states that the December 21, 2000, offer of judgment provided for a payment of $2,600.00 for liquidated damages plus reasonable attorneys' fees and costs not to exceed $2,900.00. (Docket Entry 25, Exhibit A). However, after the plaintiff accepted the offer, the defendant drafted a settlement agreement on January 10, 2001, which stipulated payment in three installments, the first one due ten



days after the plaintiff executed the settlement agreement. (Id., Exhibit B).

The plaintiff responded that installment payments were not acceptable and that she would instead file the original offer of judgment and her acceptance in accordance with Fed.R.Civ.P. 68. The plaintiff demanded immediate payment upon entry of the judgment, and notified the defendant that she would seek fees if it became necessary to resort to execution proceedings. (Id., Exhibit C).

When payment was not forthcoming after six weeks, on March 14, 2001, the plaintiff filed an ex parte motion for a writ of garnishment against the defendant's bank account. After the proposed order was submitted to the Court, the Clerk of the Court entered the writ of garnishment on April 2, 2001.

The plaintiff received a check for payment in full on March 31, 2001; however, the check was not signed. The defendant signed the check several days later; accordingly the plaintiff did not execute the writ of garnishment.

The plaintiff seeks sanctions in the amount of $2,025.00 in attorney's fees, $100.00 in costs and $550.00 interest on the judgment for the period from the entry of the judgment on February 1, 2001, to the April date when the check was signed. The plaintiff contends the sanctions should be assessed since the defendant exhibited bad faith in presenting an offer of judgment which he did not intend to honor, and later admitted he could pay only in installments. Chambers v. Nasco, Inc., 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133 (1991)(a court has the inherent power to

impose sanctions, even in the absence of a statute or rule governing the situation before the court).

The defendant objects to the motion, arguing that the motion for fees and costs is not documented or verified. The defendant contends that the motion is frivolous since the money was paid within two months of the plaintiff's Rule 68 filing; payment in full by the end of March satisfied the payment schedule offered in the January 10, 2001, settlement agreement. The defendant also asserts that under Florida's garnishment statute, the plaintiff is not entitled to attorney's fees. Paz v. Hernandez, 654 So.2d 1243 (Fla. 3d DCA 1995); Fla. Stat. § 77.28.

The plaintiff's reply points out that she is seeking sanctions for bad faith, not attorney's fees for garnishment.

The undersigned finds that this is not a proper case for an award of sanctions based on the inherent power of the Court to punish parties litigating in bad faith. The case does not involve the extensive abuses detailed in Chambers (fraudulently placing property in a trust to attempt to avoid the jurisdiction of the court, filing false or frivolous motions, and engaging in extensive delaying tactics). Failing to disclose that the offer of judgment could not be fulfilled immediately is not a display of bad faith which warrants thousands of dollars in sanctions.[1]

While the plaintiff has a right to payment once a judgment is entered, the statutes provide the remedy for tardy payment: interest computed daily on the amount owed. 28 U.S.C. §

---

[1] Plaintiff's counsel failed to document or even identify the work giving rise to the claim for attorney's fees and costs.

1961(a). The defendant concedes that he owes interest on the judgment, but notes that the plaintiff's calculations incorrectly seek a year's worth of interest instead of the number of days at issue. With the Court being fully advised it is hereby

ORDERED AND ADJUDGED that the motion for sanctions is DENIED. However, the defendant shall pay interest on the judgment in accordance with 28 U.S.C. § 1961(a).

DONE AND ORDERED at Fort Lauderdale, Florida, this 23rd day of May, 2001.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:   Nanci S. Landy, Esq.
             Osnat K. Rind, Esq.